**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

RICHARD FROMMEL,                                          Case No. 1:14-cv-522

       Plaintiff,                                      Dlott, J.
                                                          Bowman, M.J.
   v.


COMMISSIONER OF SOCIAL SECURITY,

       Defendant.


**SUPPLEMENTAL REPORT AND RECOMMENDATION**

**I. Background**

On June 30, 2015, this Court entered a judgment reversing the Commissioner's denial of social security benefits to the Plaintiff, and remanding to the agency for further review.  On July 14, 2015, Plaintiff, through counsel, filed a timely motion seeking an award of $7349.76 in attorney's fees, plus $400.00 in costs, pursuant to the Equal Access for Justice Act ("EAJA"), 28 U.S.C. §2412 *et seq.*

Defendant filed a response in opposition to the motion for fees, arguing that no EAJA fees should be awarded because the Commissioner's position was "substantially justified."  In the alternative, Defendant argued that the amount of the fee award sought by Plaintiff was unreasonable and should be greatly reduced.

On October 28, 2015, the undersigned filed a Report and Recommendation ("R&R") that recommended granting Plaintiff's motion for fees.  The undersigned rejected the Commissioner's alternative arguments that no fee should be awarded or that the fee award should be greatly reduced.  However, the prior R&R did recommend a reduction of the total EAJA award to $6349.20, inclusive of fees and costs.  A portion

of that award compensated counsel for the time spent drafting his original brief in support of his EAJA motion for fees.

The undersigned now recommends granting Plaintiff's supplemental motion, but expresses strong reservations and a warning to Plaintiff's counsel to avoid the practice demonstrated in this case in any future fee application filed in this Court.

## II. Analysis

### A. Necessity of Time Spent on Reply Brief

Neither Plaintiff nor the Commissioner filed any timely objections to the October 28, 2015 R&R, which remains pending before the presiding district judge. Instead, on November 20, 2015, Plaintiff filed a new "supplemental motion" seeking an additional award of $1856.00 for the time spent drafting a reply brief in support of his original fee motion. Plaintiff's supplemental motion argues that after the Commissioner filed an eleven-page response in opposition to his EAJA motion, Plaintiff was forced to "read and analyze all [23] of the cases cited by the Commissioner on the issue of substantial justification," and then "synthesize and incorporate that research into a [reply memorandum." (Doc. 18 at 2).

As Defendant points out, 17 of the cases cited by the Commissioner appeared in a "legal framework" portion of the Commissioner's brief setting forth general standards for evaluating EAJA petitions. Frankly, it strains belief that Plaintiff's counsel, for whom the undersigned previously recommended a higher-than-statutory fee based in part upon his long experience in social security law, found it necessary to spend so much time to "read and analyze" and then "synthesize and incorporate" all of the cited cases.[1]

---

[1]Only eight cases were cited by Plaintiff in the 8-page reply brief.

Plaintiff additionally claims that he was required to read, evaluate and address an additional 13 cases that the Defendant cited to oppose the number of compensable hours. (Doc. 18 at 2). Seven of those cases appeared in a string cite that provided examples of the number of hours deemed reasonable in other EAJA cases, while five cases supported a point on which the Defendant was successful (subtracting time for administrative or clerical tasks).

Plaintiff asserts that since the undersigned granted his original motion for fees, and reduced his hours only to 32 (from 39.6) rather than to 27 as requested by the Defendant, that all of counsel's time on the reply brief was well-spent. He states he spent a total of 12 hours drafting the 8-page reply brief but that he has voluntary reduced that number to 10 hours.

### B. Procedural Irregularity of a "Supplemental" Motion

Although the Commissioner has not raised the issue, the undersigned finds the nature and timing of the instant "supplemental motion" to be troubling. By statute, an EAJA motion filed by a prevailing plaintiff in a social security case must be filed within 30 days of the final judgment of the action. 28 U.S.C. §2412(d)(1)(A). While Plaintiff timely filed his initial motion, a "supplemental" motion for fees under the EAJA has the potential to flout the time limitations built into the statute. Additionally, a separately filed "supplemental" fees-for-fees application unnecessarily protracts the expense and resolution of the original fee dispute.

The undersigned would have expected Plaintiff's counsel, an experienced social security attorney, to have included any time he wished to recoup for drafting the reply brief within the reply brief itself. Counsel adhered to that general practice by including the time spent on his brief in support of his EAJA motion in his original fee request.

3

Considering counsel's assertion that his reply time was contemporaneously kept, there is no reason that he could not also have included the time spent defending the EAJA application at the time his reply brief was filed.  The same referenced practice has been followed by other attorneys in this Court.  Indeed, courts in other jurisdictions have specifically disallowed reply brief time where that practice has not been followed. *Accord Adkins v. Astrue*, No. 1:09-CV-02031-SKO, 2012 WL 967604, at *2 (E.D. Cal. Mar. 21, 2012); *Hosking v. Astrue*, 2010 WL 4683917 at *3 (D. Ct., Oct. 1, 2010)(disallowing time for reply brief where counsel could have and should have simply included the request for additional fees through a brief affidavit attached to the reply).

Additionally, the undersigned notes that counsel has not (yet) sought an award for time spent drafting the "motion for supplemental EAJA attorney fees," nor has he included time for his reply memorandum in support of his "supplemental motion." Absent some clear guidance, there is little to prevent counsel from filing a second "supplemental" motion, thereby continuing to protract the "fees for fees" litigation and undermining the statutory time limits of the EAJA in the process.

With this Supplemental R&R, the undersigned attempts to provide that guidance. In short, no future "supplemental" motions for EAJA fees should be filed in this case, and counsel is strongly advised to include any time spent drafting any future memoranda for EAJA fees within the body of, or as an attachment to, any reply memorandum that is filed in support of an EAJA motion.

### C.  Reasonableness of Fees Sought for Reply Memorandum

In contrast to the 10 hours for which he now claims compensation for his reply brief, counsel claimed only 2.9 hours to draft his original EAJA motion.  The undersigned previously found that 2.9 hours to be excessive, considering the "formulaic"

4

nature of the initial fee motion.  As stated, counsel's contention that all 10 (originally 12 but now reduced to 10) hours that he claims to have spent crafting the reply brief were reasonable, given the number of cases cited by the Commissioner, is not entirely convincing.  Courts in other jurisdictions, including the Tenth Circuit, have reduced fees spent on reply memoranda in support of a fee petition on grounds that there is "a difference between time necessary to prepare and submit an application for fees, and hours spent disputing a fee award."  *Alexander v. Astrue* 222 Fed. App'x 767, 768–691 (10th Cir. 2007)(quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1206 (10th Cir.1986)) (internal quotation marks omitted); *see also Killings v. Colvin*, 2013 WL 1455818 at *8-9 (N.D. Ohio, April 9, 2013)denying supplemental fee award where briefed issues were familiar to counsel and frequently litigated);  *Dixon v. Colvin*, 2014 WL 916648 at *2 (N.D. Oklahoma March 10, 2014).

Despite reservations concerning the 10 hours that counsel claims as time spent on the reply memorandum in this case, the undersigned recommends allowing all 10 hours as the upper limit of the court's discretion on a "reasonable" EAJA fee award, <u>conditioned on counsel not filing any additional motion for supplemental EAJA fees in this case</u>.   In the prior R&R, the undersigned recommended a reduction of the claimed EAJA fee based upon a finding that some of the claimed hours were unreasonable for such a "routine" case.  While a detailed analysis and discretionary reduction of the supplemental 10 hours could be justified, the undersigned declines to recommend any further reduction in the hopes of putting an already protracted dispute to rest.

### III.  Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Plaintiff's supplemental motion for attorney fees (Doc. 18) be **GRANTED.**   The prior Report and

Recommendation (Doc. 17, pending without objections) shall stand.  However, Plaintiff should be awarded an additional 10 hours for the time spent drafting his reply memorandum, at the hourly rate of $185.60 per hour, for a supplemental EAJA award of $1856.00 in addition to the amount of $5949.20 and $400.00 of expenses previously recommended on October 28, 2015.


                                              /s Stephanie K. Bowman
                                             Stephanie K. Bowman
                                             United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RICHARD FROMMEL,                                    Case No. 1:14-cv-522

        Plaintiff,                                    Dlott, J.
                                                    Bowman, M.J.

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).